NO. 07-09-0136-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 22, 2009
______________________________

IN THE INTEREST OF Z.A.S., A CHILD
_________________________________

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 17297; HONORABLE FELIX KLEIN, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ORDER
          In this restricted appeal, appellant J.S.J. brings three issues challenging his
adjudication as father of Z.A.S. and resulting support orders. Before us is a motion filed
by appellee, the Office of the Attorney General of Texas, entitled, “Agreed Motion for
Reversal and Remand and for Immediate Issuance of Mandate.”


 The prayer seeks
reversal, remand and a hearing on the merits. 
          Rule of Appellate Procedure 42.1(a)(2) sets forth the actions an appellate court may
take on the agreement of the parties for disposition of the appeal:
(A) render judgment effectuating the parties’ agreement;

(B) set aside the trial court’s judgment without regard to the merits and
remand the case to the trial court for rendition of judgment in accordance
with the agreements; or
 
(C) abate the appeal and permit proceedings in the trial court to effectuate
the agreement.
 
Tex. R. App. P. 42.1(a)(2)(A)-(C). 
 
          The relief requested here does not come within any of the permissible means for
disposition specified by the rule. Without an agreement on the merits of the appeal, the
Attorney General seeks a disposition requiring a finding of reversible error. We are not
authorized “to order a new trial merely on the agreement of the parties absent reversible
error . . . .” Notes and Comments, Tex. R. App. P. 42.1; see In re J.A.B., No. 08-06-0201-CV, 2007 WL 2274671 (Tex.App.–El Paso Aug. 9, 2007, no pet.) (mem. op.) (on appeal
of default paternity and support orders, agreed motion of appellee Attorney General to
reverse and remand proper since appellee conceded one of appellant’s points of error and
the court of appeals agreed trial court erred). For that reason, the motion as presented is
denied. 
          It is so ordered.
                                                                                      Per Curiam